# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
(212) 513-3368
christine.walz@hklaw.com

October 15, 2019

*Via ECF*

The Honorable Paul A. Crotty
United States District Judge
U.S. District Court for the Southern District of
New York
500 Pearl Street, Room 1350
New York, NY 10007

     Re:     *United States v. Atlantic Dev. Grp., LLC,* 17 Civ. 332,
              **REQUEST FOR PRE-MOTION CONFERENCE**

Dear Judge Crotty:

Pursuant to Rules 1A, 3A, and 3C of Your Honor's Individual Rules of Practice for Civil Cases, Atlantic submits this request for a pre-motion conference to address the Government's failure to respond adequately to Atlantic Development Group's discovery requests. In a good-faith effort to resolve these issues without the Court's intervention, Atlantic raised its discovery concerns with the Government on multiple occasions, including by letter August 21, 2019 and September 6, 2019, emails on September 19, 2019, September 23, 2019, and October 15, 2019, and by phone on September 13, 2019. Despite Atlantic's best efforts, the Government has refused to meet its discovery obligations. It has failed to produce relevant documents (or to state that such documents do not exist), failed to produce a privilege log (or state that it is not withholding documents based on any assertions of privilege), and failed to answer relevant interrogatories. Atlantic, therefore, requests an order requiring the Government to produce all responsive documents and provide complete answers to its interrogatory responses.

## A.    Requests for Production ("RFP") Responses.

Atlantic propounded 11 requests for production directly related to the Government's allegations. *See* Ex. A, Gov't Resp. to 1st RFPs. Specifically, Atlantic seeks documents related to the Government's contention that 33 West End Avenue and 2 Cooper Square do not comply with the design and construction requirements of the Fair Housing Act. The Government objects to every RFP and has produced a total of 369 pages. As set forth below, each of Government's objections are baseless, and the Court should order the Government to produce all responsive documents and respond fully to all document requests immediately.

Paul A. Crotty
October 15, 2019
Page 2

First, the Government objects to Requests for Production of Documents Nos. 1, 2, 3, and 7 (which seek documents underlying the specific allegations in the Complaint), claiming that they are premature contention interrogatories under Local Rule 33.3. The Government failed to cite a single case where a request for production was deemed a contention interrogatory. And, on its face, Local Rule 33.3 places no limit on the use of document requests to seek evidence supporting the allegations in a complaint.[1] Therefore, the Court should order the Government to produce documents responsive to Requests 1, 2, 3, and 7 immediately.

Second, the Government used the same boilerplate objections to all 11 requests for production: (1) that the requests are unduly burdensome, overly broad, and ambiguous; (2) that information is publicly available, previously provided, readily obtainable, or already in the possession of Atlantic; and (3) that the information is protected by the various privileges. A party resisting discovery bears the burden of substantiating their objections.[2] The Government's boilerplate objections lack any specificity or evidence. Additionally, longstanding precedent prohibits the Government from withholding documents in its possession, custody, or control simply because they are publicly available.[3] Thus, the Government failed to meet its burden and its objections should be overruled.

Finally, the Government broadly objects to Atlantic's document requests asserting a number of privileges. A party claiming privilege must provide a privilege log with sufficient information to allow such a claim to be assessed. Fed. R. Civ. P. 26(b)(5); LcVR 26.2. Local Rule 26 demands that a privilege log "*shall be* furnished in writing *at the time of such response to discovery*. . . ." LcVR 26.2(b) (emphasis added). Failure to provide a privilege log justifies a waiver of privilege.[4] Despite having served their original discovery responses on August 15 and agreeing that a log would be produced for any documents withheld as privileged, the Government has yet to provide one.

## B.   Interrogatory Responses

The Government's Complaint is filled with broad allegations but bereft of substantiating underlying facts. *See, e.g.* Complaint, Dkt. 1 at ¶¶ 11, 15. Atlantic's interrogatories seek these underlying facts in order to expedite resolution of this matter. The Government has refused to respond to Interrogatories Nos. 1 through 6, objecting that they exceed the scope of permitted interrogatories under LcVR 33.3(a) and/or are contention interrogatories that need not be responded to until the close of discovery under Local Rule 33.3(c). *See* Ex. B, Govt's Resp. to 1st

---

[1]     *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y 2013) (the availability of contention interrogatories "does not obviate the clear command of Rule 26 that documents supporting claims and defenses be disclosed. . . ."); *see also Barney Hable v. Metro-North Commuter R.R.*, No. 18-CV-1460 (NSR), 2019 WL 4673564, *1, *4 n.2 (S.D.N.Y. Sept. 24, 2019).

[2]     *See Gachette v. Metro N.-High Bridge*, 722 F. App'x 17, 20 (2d Cir. 2018).

[3]     *See, e.g., Convolve, Inc. v. Compaq Computer Corp.*, 643 F. Supp. 2d 336, 342 (S.D.N.Y. 2008) (publicly available documents in a party's control must be produced in response to a Rule 34 request).

[4]     *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 158 (S.D.N.Y. 2014) ("[T]he failure to comply with Rule 46(e)(2) [(former Local Civil Rule 26.2) ] may result in a finding that the privilege has been waived.").

Paul A. Crotty
October 15, 2019
Page 3

Interrogs.  And, the Government has provided no meaningful response to Interrogatory No. 9, which seeks a computation of damages sought.  The Government's objections are without merit.

Interrogatories Nos. 1 through 6 seek the factual basis for the Government's allegations. According to the Government's own responses to Interrogatory Nos. 7-10:

- No one has knowledge of the facts supporting the allegations made at 2 Cooper Square;
- There is a single individual who possesses any personal knowledge of the allegations at one of the two properties in the complaint—33 West End Avenue; and
- The only allegedly aggrieved persons it has identified are "testers from the Fair Housing Justice Center."

These responses make clear that the interrogatories served are the most practical way for Atlantic to understand the basis of the Government's allegations.  *See* Local Rule 33.3 (b);  *S.E.C. v. Morelli*, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (requiring government agency to respond to interrogatories to allow inquiry into the basis of SEC enforcement action). *See also Dot Com Entm't Grp., Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 44 (W.D.N.Y. 2006) (compelling responses to interrogatory seeking the factual basis for defendants' invalidity defense and related counterclaim).

Further, the Government's response to Interrogatory Nos. 8 and 9, which seek information about any alleged "aggrieved persons" and all damages sought by the Government are wholly inadequate.  In response to Interrogatory No. 8, the Government stated: "the Government will provide the names of aggrieved persons to defendant's counsel after they are identified through investigation and discovery, including but not limited to testers from the Fair Housing Justice Center." *See* Ex. B.  And, in response to Interrogatory No. 9, the Government's response is that Atlantic's request for a computation of damages "is premature because the amount of damages will be determined by a jury based upon the facts and circumstances of each aggrieved person, to be identified through investigation and discovery." *Id.* Taken as a whole, the Government's discovery responses demonstrate a complete unwillingness to participate in discovery in this matter.

For these foregoing reasons, Atlantic respectfully requests the Court order the Government to fully answer Interrogatories No. 1-6, 8 and 9 and produce all responsive documents.

Sincerely,

Christine N. Walz
HOLLAND & KNIGHT LLP

Attachments