# EXHIBIT A

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
By:    LI YU
       JACOB LILLYWHITE
       STEVEN J. KOCHEVAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. Nos. (212) 637-2734/2639/2715

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>                - v. -<br><br>ATLANTIC DEVELOPMENT GROUP, LLC, COSTAS KONDYLIS & PARTNERS, LLP,<br><br>                                Defendants.<br><br>SENIOR LIVING OPTIONS, INC.,<br><br>                                Relief Defendant. | 17 Civ. 332 (PAC)<br><br>**GOVERNMENT'S RESPONSES AND OBJECTIONS TO THE FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS BY DEFENDANT ATLANTIC DEVELOPMENT GROUP, LLC** |

**THE GOVERNMENT'S RESPONSES AND OBJECTIONS**
**TO DEFENDANT'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Plaintiff United States of America (the "Government" or the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby responds and objects to the Requests for Production of Documents (the "Requests") served by defendant Atlantic Development Group, LLC ("Atlantic").

**GENERAL OBJECTIONS AND RESERVATIONS**

1.      The Government objects to the Requests to the extent that they seek to

impose obligations greater than, or different from, those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules"), including but not limited to Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3.

2. The Government objects to the Requests to the extent that they call for the disclosure of information or documents protected by: the law enforcement privilege; the attorney-client privilege; the work product doctrine; the deliberative process privilege or any other privilege or immunity from disclosure.

3. The Government objects to the Requests to the extent that they seek the disclosure of information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; are unduly burdensome or oppressive; and/or require an unreasonable investigation on the part of the Government in order to be produced.

4. The Government objects to the Requests to the extent that they seek the disclosure of information that is publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by, defendants, their agents and/or counsel, such that the requested disclosure is inconvenient, burdensome, or unduly expensive to the Government.

5. The Government objects to the Requests to the extent that they seek the production of information in the possession, custody, or control of entities other than the Government on the grounds that such production is beyond the scope of Rule 34 of the Federal Rules of Civil Procedure and other applicable law.

6. The Government expressly reserves the right to supplement, clarify, revise or correct any or all of the responses herein at any time.  By making the following responses, the Government does not waive, and hereby expressly reserves, the right to assert any and all objections to the admission of such responses into evidence at trial of this action, or in any other

proceedings, on any and all grounds, including but not limited to competency, relevance, materiality, and privilege. Furthermore, the Government makes the responses herein without in any manner implying or admitting that it considers the Requests, or the responses thereto, to be relevant to the subject matter of this action. Finally, the Government expressly reserves the right to object to the use of its responses to the Requests in any proceeding other than the above-captioned action.

7. To the extent that any privileged documents are produced inadvertently, the United States reserves the right to claw back all such documents.

8. The United States objects to the Requests to the extent that they seek information subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). The United States will not produce such information in the absence of an appropriate Court order satisfying the requirements of these statutes and/or sufficiently protect information.

9. The Government's general objections shall be deemed to continue throughout the responses to the specific requests that follow, even if not further referred to in such responses.

10. The Government states that it is producing, together with these responses and objections, documents bates-stamped 17_CIV_332_US000001 to US000243 in response to Atlantic's requests.

**SPECIFIC RESPONSES AND OBJECTIONS
TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All documents concerning your allegations that any defendant has "unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct 33 West End and other rental complexes so as to be accessible to persons with disabilities. (Complaint, ¶ 1.)

**RESPONSE TO REQUEST NO. 1:**

3

The Government objects to this request as premature pursuant to Local Rule 33.3(c) because it is effectively a contention interrogatory, which, under Rule 33.3(c), "may be served" only at "the conclusion of other discovery." The Government also objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents in response to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 2:**

All documents concerning your allegations that 2 Cooper Square "has numerous inaccessible features." (Complaint, ¶15.)

**RESPONSE TO REQUEST NO. 2:**

The Government objects to this request as premature pursuant to Local Rule 33.3(c) because it is effectively a contention interrogatory, which, under Rule 33.3(c), "may be served" only at "the conclusion of other discovery." The Government also objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and

specific objections, the Government intends to produce non-privileged relevant documents in response to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 3:**

All documents relating to your contention that "The widespread inaccessible conditions at 33 West End reflect a pattern or practice on defendant Atlantic's part of failing to comply with the FHA's accessibility requirements in designing and constructing multi-family dwellings covered by the FHA." (Complaint, ¶ 13.)

**RESPONSE TO REQUEST NO. 3:**

The Government objects to this request as premature pursuant to Local Rule 33.3(c) because it is effectively a contention interrogatory, which, under Rule 33.3(c), "may be served" only at "the conclusion of other discovery." The Government also objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that intends to produce non-privileged documents responsive to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 4:**

All documents relating to your contention that Defendant's "discriminatory actions and conduct …were intentional, willful, and taken in disregard for the rights of others." (Complaint, ¶ 21.)

**RESPONSE TO REQUEST NO. 4:**

5

The Government objects to this request as premature pursuant to Local Rule 33.3(c) because it is effectively a contention interrogatory, which, under Rule 33.3(c), "may be served" only at "the conclusion of other discovery."  The Government also objects to this request as unduly burdensome, overly broad, vague and ambiguous.  The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic.  The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections.  Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents responsive to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 5:**

All documents supporting your claim for damages in this Litigation against Defendant Atlantic Development and Defendant Costas Kondylis & Partners, LLP.

**RESPONSE TO REQUEST NO. 5:**

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous.  The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic.  The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections.  Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents responsive to this request,

including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 6:**

All documents supporting your claim for civil penalties in this Litigation against Defendant Atlantic Development and Defendant Costas Kondylis & Partners, LLP

**RESPONSE TO REQUEST NO. 6:**

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents responsive to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 7:**

All documents relating to any "aggrieved person" who you contend has been injured, or is about to be injured, by the discrimination you allege in this Litigation.

**RESPONSE TO REQUEST NO. 7:**

The Government objects to this request as premature pursuant to Local Rule 33.3(c) because it is effectively a contention interrogatory, which, under Rule 33.3(c), "may be served" only at "the conclusion of other discovery." The Government also objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to,

readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents responsive to this request.

**REQUEST NO. 8:**

All documents reflecting any communications that you have had with any current resident, former resident, or prospective resident of any Subject Property relating to the Subject Properties, Defendant Atlantic Development, Defendant Costas Kondylis & Partners, LLP, and/or the issues in this Litigation.

**RESPONSE TO REQUEST NO. 8:**

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents responsive to this request.

**REQUEST NO. 9:**

All documents reflecting any communications that you have had with any architect, engineer, consultant, or design professional relating to the Subject Properties, Defendant Atlantic Development, Defendant Costas Kondylis & Partners, LLP, and/or the issues in this Litigation.

**RESPONSE TO REQUEST NO. 9:**

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that

8

is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents in response to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

**REQUEST NO. 10:**

All documents reflecting any communications that you have had with any federal, state, or local agencies, or any associations or advocacy groups, regarding the accessibility of the Subject Properties and/or Defendant Atlantic Development and Defendant Costas Kondylis & Partners, LLP.

**RESPONSE TO REQUEST NO. 10:**

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents in response to this request.

**REQUEST NO. 11:**

All documents not already produced that you reviewed, referred to, and or consulted in connection with responding to Defendant's interrogatories.

**RESPONSE TO REQUEST NO. 11:**

9

The Government objects to this request as unduly burdensome, overly broad, vague and ambiguous. The Government further objects to this request to the extent it seeks information that is publicly available to, previously provided to, readily obtainable by, or already in the possession of Atlantic. The Government additionally objects to this request to the extent it seeks information that is protected from disclosure by the deliberative process privilege, law enforcement privilege, work product doctrine, and/or other applicable privileges or protections. Subject to and without waiving the foregoing general and specific objections, the Government states that it intends to produce non-privileged relevant documents in response to this request, including documents in its production bates-stamped 17_CIV_332_US000001 to 17_CIV_332_US000243.

Dated: New York, New York
August 15, 2019

> GEOFFREY S. BERMAN
> United States Attorney for the
> Southern District of New York
>
> By: ___/s/_____
> LI YU
> JACOB LILLYWHITE
> STEVEN J. KOCHEVAR
> Assistant United States Attorneys
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel. Nos. (212) 637-2734/2639/2715
> Fax Nos. (212) 637-2702/2717