

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York 10007*

October 18, 2019

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
500 Pearl Street, Room 1350
New York, New York 10007

      Re:    *United States v. Atlantic Development*, 17 Civ. 332 (PAC)

Dear Judge Crotty:

      This Office represents the United States (the "Government") as the plaintiff in the above-referenced case brought pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. Defendant Atlantic Development Group, LLC ("Atlantic") has raised, by letters, certain supposed discovery disputes.[1] *See* Dkt. Nos. 88, 89. In advance of the upcoming status conference on November 4, we write respectfully to respond Atlantic's letter. As set forth below, Atlantic's arguments wholly lack merit.

      <u>Contrary to Atlantic's Suggestion, the Government Has Produced, and Continues to Produce, Records in Response to Atlantic's Document Requests</u>

      While Atlantic makes several complaints about the Government's responses to Atlantic's document requests, those relate principally to the *form* of the Government's objections. Atlantic did not, and indeed cannot, take issue with the *substance* of the materials that the Government has produced and is continuing to produce. For example, in response to Atlantic's request seeking "[a]ll documents concerning [] allegations that [Atlantic] has 'unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct 33 West End … to be accessible[,]" the Government has produced two reports of inspections of 33 West End along with hundreds of photographs. Those reports and photographs describe and depict scores of inaccessible conditions at 33 West End — including excessively high thresholds, public use toilets that lack grab bars, common use sinks that lack pipe insulation, and dryers in laundry rooms mounted 10½ inches too high for wheelchair-users to reach. *See* 17_CIV_332_US000160-61, 228-35.[2]

      Insofar as Atlantic complains generally about the status of the Government's document productions, that is a red herring. Within hours of receiving Atlantic's October 15 e-mail request, we notified Atlantic of the Government's plans to (*i*) make two tranches upcoming productions (one of which is being sent today) and (*ii*) provide a privilege log upon the

---

[1]   The Government initially also named an architect firm as a defendant, but that firm has settled and is no longer party to this litigation. *See* Dkt. No. 87.

[2]   These excerpts from the Government's productions are attached hereto as Exhibit 1.

completion of those productions. *See* Oct. 15, 2019 email from L. Yu to C. Walz (Dkt. No. 89-1 at 1). This, we respectfully submit, is a rational and appropriate approach to discovery. By contrast, Atlantic's demand for a court "order [for] the Government to produce *all* responsive documents … *immediately*" defies logic — as the parties have already agreed, the Government will inspect 2 Cooper Square next week, which will necessarily result in the preparation and production of additional inspection records in November.

<u>Atlantic Failed to Offer a Valid Basis for Its Improper Interrogatories</u>

Atlantic also ask the Court to compel the Government to answer six contention interrogatories. Those, however, were propounded prematurely and in contravention of Local Civil Rule 33.3.[3] *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (denying motion to compel because the interrogatories were "far broader than contemplated by" Local Civil Rule 33.3). Nor, for that matter, has Atlantic offered any valid basis for evading the timeframe required by Local Civil Rule 33.3. Indeed, to the extent that Atlantic seeks to understand the factual support for the allegations concerning inaccessible conditions, the Government has already, as noted above, produced inspection reports and photographs regarding scores of inaccessible conditions at 33 West End as well as "testing" records at 2 Cooper Square that identify several inaccessible conditions.

Finally, to the extent that Atlantic challenges the Government's interrogatory answers in terms of identifying aggrieved persons and calculating damages, that claim likewise lacks merit. Specifically, while Atlantic accuses the Government of failing to identify *any* aggrieved persons, *see* Dkt. No. 88 at 3, that is belied by the fact that Atlantic recently served Rule 45 deposition subpoenas on three potential aggrieved persons whose identities were disclosed in the Government's document productions.

We thank the Court for its consideration of this letter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:       /s/ *Li Yu*
    LI YU
    JACOB LILLYWHITE
    STEVEN J. KOCHEVAR
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Tel. (212) 637-2734/2639

Encl.

---

[3] Atlantic's October 15 letter mischaracterizes *SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992). *Morelli* contains no discussion of Local Rule 33.3(c); instead, the Court allowed contention interrogatories in that case because the SEC had "stated [its] willingness to respond to interrogatories under Fed. R. Civ. P. 33(b)." *Id*. at 48. *Morelli* thus has no application here.

cc (by ECF)
Lynn Calkins, Esq.
Christine Walz, Esq.
Marc Litt, Esq.